MATTER OF ALZONA

In Deportation Proceedings

A–31419749

*Decided by Board December 7, 1973*

Where respondent's United States citizen child was illegitimate under the law of the District of Columbia, the place of birth, the fact that the child was subsequently taken to the State of California to live does not render him legitimate under section 4453 of the Civil Code of California, since the provisions of that section are inapplicable to a child born outside that State (*Matter of Sandin—Nava*, Interim Decision No. 2134, distinguished). Since respondent's child does not come within the contemplation of section 101(b)(1)(A) of the Immigration and Nationality Act, respondent fails to qualify as a "parent" under section 101(b)(2) of the Act and, therefore, is ineligible for the benefits under section 241(f) of the Act, as amended.

CHARGES:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at time of entry—procured immigrant visa by fraud or misrepresentation.

Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—No valid immigrant visa.

ON BEHALF OF RESPONDENT:
Gladys Towles Root, Esquire
212 South Hill Street
Los Angles, California 90012

Of counsel:
Helen M. Bunt, Esquire

ON BEHALF OF SERVICE:
William E. Weinert
Acting Appellate Trial Attorney

Bernard J. Hornbach
Trial Attorney

The immigration judge, in an order dated October 12, 1973, found the respondent deportable as charged, ordered him deported, and denied his application for termination of deportation under section 241(f) of the Immigration and Nationality Act. Because of the novelty of the issues presented, the immigration judge certified his decision to this Board. His order will be affirmed.

The respondent is an alien who is a native and citizen of the Republic of the Philippines. He entered the United States on or about October 9, 1971, upon presentation of an immigrant visa

issued to him as the husband of the United States citizen, whom he had married in the Philippines on July 30, 1971. The immigration judge found the respondent's visa had been obtained by fraud inasmuch as he was already married to another woman when he secured his visa. Our review of the record and briefs satisfies us that the hearing was fair and that deportability has been established by clear, convincing and unequivocal evidence.

The immigration judge found that the respondent, as the father of a United States citizen child, possessed the necessary qualifying relative to bring him within the purview of section 241(f). That section limits its benefits to aliens who are the parents, spouses or children of United States citizens or permanent resident aliens. The immigration judge, however, denied the respondent's application for termination under section 241(f) on the ground that there was no viable relationship extant between the respondent and the United States citizen child. We need not consider that issue because we do not agree with the immigration judge that the respondent qualified as a "parent" for immigration purposes.

The child referred to was born in Washington, D.C. on June 12, 1972, to the respondent and the female United States citizen who is his purported spouse. Prior to the institution of these proceedings all three moved to California. A domestic dispute ensued, and the respondent separated from his "spouse" and child. The immigration judge found that the child was a legitimate child of the respondent, relying upon our decision in *Matter of Sandin-Nava*, Interim Decision No. 2134 (BIA 1972). In that case we held that a child born in California of a bigamous marriage was legitimate at birth by operation of section 4453 of the California Civil Code. In the present case, we find the child was illegitimate in the District of Columbia, the place of birth. Section 4453 is not a legitimation statute. It renders a child, the issue of a void or bigamous marriage, legitimate at birth. The mere fact that the child of the respondent was subsequently brought into the State of California does not make him legitimate by virtue of section 4453. The respondent's child, therefore, does not qualify as a child for immigration purposes. Consequently, the respondent does not qualify as a "parent" under the immigration laws. Hence, he is not saved from deportation under section 241(f).

*ORDER:* The decision of the immigration judge is affirmed.

**Warren R. Torrington, Board Member Concurring:**

I concur in the affirmance of the immigration judge's decision.

The majority opinion has correctly distinguished this case from *Matter of Sandin-Nava*, Interim Decision No. 2134 (BIA 1972), in which I filed a dissent, and pointed out the purpose of statutory

provisions of the kind found in section 4453 of the California Civil Code. Statutes which provide that children of void marriages are legitimate have been enacted solely in the interest of those children who, absent such statutes, would be illegitimate. They have not been enacted for the benefit of bigamists. It appears to me that, even if the California statute governed the determination of the beneficiary's status, it could not confer any benefits under sections 101(b)(1) and 241(f) of the Immigration and Nationality Act upon the petitioner.

As I stated in my dissenting opinion in *Matter of Sandin-Nava, supra,* I consider it unreasonable to impute to Congress an intention to award permanent residence to an otherwise deportable alien as a premium for immoral and cirminal conduct.